WM. ESTELL v. LEWIS METCALF, Administrator.

INSOLVENT PROCEEDINGS. *Filing of claims. Report of Clerk and Master. Practice in Chancery Court.* Where the creditor of an insolvent estate, when proceedings are had under the insolvent laws, files his claims, and they are put upon the rule docket of the Clerk and Master, who fails to include the same in his report, yet if no exception is taken to such report, the creditor is repelled after confirmation, except upon appealing to the discretion of the Chancellor, and showing good cause for having failed to except.

FROM FRANKLIN.

Appeal from the Chancery Court.    A. S. MARKS, Chancellor.

A. S. COLYAR for Estell.

P. TURNEY, J. C. & J. M. GAUT for Metcalf, Administrator.

NICHOLSON, J., delivered the opinion of the Court.

This is a bill of review to review and reverse a decree rendered at the November Term, 1870, in the case of Lewis Metcalf, administrator of J. W. Carter, against his heirs and creditors. The bill in that case was filed on the 16th of July, 1867, to settle the estate of J. W. Carter, under the insolvent laws. Carter had died in 1857, and Metcalf had administered on his estate in 1858, and had suggested its insolvency in the

the County Court in 1858, but owing to the loss of vouchers of claims filed in that Court, the administrator filed his bill to transfer the administration to the Chancery Court.   On the 17th of July, 1867, publication was made for the creditors to file their claims properly authenticated, in the Chancery Court, by the 1st of January, 1868. ·  At the November Term, 1870, the Chancellor decreed that such creditors as had not made themselves properly parties in the cause, were not entitled to share in the assets.   And at June Term, 1871, directed the administrator to report the claims that were entitled to *pro rata* payment.   The report of the Clerk and Master was made to the June Term, 1871, and confirmed.   We see on the ˙ rule docket of the Clerk and Master, an entry indicating that Wm. Estell had two claims on the 23d of October, 1867, one due February 10, 1858, for $261, and one due September 30, 1853, for $150.  For some reason the Clerk and Master failed to include these demands in his report, and Estell failed to except to the report until after its confirmation.   After the report was, confirmed, Estell asked leave then to have his claims filed, which was refused, because the interlocutory decree made at the November Term excluded them.

It appears from the rule docket, · on the 28th of October, 1867, that Estell either filed ˙ his claims then or furnished a memorandum of them; if this be sufficient, under the Statute, to make him a party, then his failure to except to the report of the Clerk ·and

Master repelled him after the confirmation, except upon appealing to the discretion of the Chancellor, and showing good cause for having failed to except. But it appears that Carter died in 1857, and his administrator was appointed in 1858. At what particular time in 1858, does not appear, but as Estell's claims were not filed in the Chancery Court until October 25, 1867, it is manifest that they were barred before that time, and upon this ground there was no error in the interlocutory decree of November, 1870, or the final decree at June Term, 1871.

It follows that the Chancellor erred in his overruling the demurrer to the bill of review. His decree is reversed, and the bill dismissed with costs.